KING, Circuit Judge,
concurring in the denial of mandamus:
I agree with my good colleagues that we are obliged to deny Jane Doe’s petition for a writ of mandamus. In my view, however, there is no need to resolve the issue of whether Doe has forecast adequate proof of causation to establish that she was a “victim” of the defendants’ misbranding of OxyContin. Indeed, it is premature and counterproductive to address causation a complicated and contentious issue apparently at the heart of OxyContin-related cases pending across the country in our rush to dispose of Doe’s petition within the oppressive time limits imposed by the Crime Victims’ Rights Act (the “CVRA”). See 18 U.S.C. § 3771(d)(3) (obliging court of appeals to decide CVRA mandamus petition within seventy-two hours). As the district court observed when it denied the restitution requests of Doe and others, resolution of the issue of causation would require “litigation over many months, if not years, ... before final judgment in this case could be entered.” United States v. Purdue Frederick Co., 495 F.Supp.2d 569, 575 (W.D.Va.2007).
Instead, I would deny Jane Doe’s petition on a comparatively simple and obvious ground: even assuming she qualifies as a “victim” of the defendants’ crimes, there is no legal basis for her claim to mandatory restitution. As the panel majority has correctly observed, the CVRA itself “does not create an independent obligation for a district court to order or a defendant to pay such an award.” Ante at 262 n. 2; see also 18 U.S.C. § 3771(a)(6) (recognizing that crime victims have “[t]he right to full and timely restitution as provided in law” (emphasis added)). Doe has raised, at various points in these proceedings, three other statutes in support of her mandatory restitution claim: the Victim and Witness Protection Act of 1982, 18 U.S.C. § 3663 (the “VWPA”); the Mandatory Victims Restitution Act of 1996, 18 U.S.C. § 3663A (the “MVRA”); and the provision of Title 18 pertaining to conditions of probation, 18 U.S.C. § 3563. Unfortunately for Doe, the defendants’ misbranding offenses are not included in the lists of federal crimes for which restitution can be ordered under either the VWPA or the MVRA. See 18 U.S.C. §§ 3663(a)(1)(A), 3663A(c)(l)(A). And, although a district court is entitled to order restitution when it imposes a sentence of probation on a felony offense not covered by the VWPA or the MVRA, such an award is discretionary and not mandatory. See id. § 3563(a)(2) (providing that sentencing court must require defendant to abide by one of three conditions - with restitution being just one option - unless court finds on record that “extraordinary *265 circumstances” render each such condition “plainly unreasonable”).
Frankly, I would vastly prefer that the CVRA afforded us a fair opportunity to delve into the complex factual and legal underpinnings of Jane Doe’s mandatory restitution claim (which the parties themselves barely had time to develop and discuss in their submissions in these proceedings). Under the circumstances presented, I am simply unable to agree with the panel majority’s decision to reach and rule on the difficult question of causation.
Nonetheless, I concur in the denial of Jane Doe’s petition for a writ of mandamus to the distinguished presiding district judge, because I can see no valid legal basis for her mandatory restitution claim.